IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ESTHER MAMMIE YATES, *Appellant*, v. NATIONSTAR MORTGAGE, LLC *et al.*, *Appellees*. | Case No. 1:21-cv-00118 (PTG/IDD) Hon. Patricia Tolliver Giles |

## MEMORANDUM OPINION & ORDER

This matter comes before the Court on Debtor Esther Mammie Yates' appeal of the Bankruptcy Court's: October 20, 2020 Order Denying Debtor's Motion to Recuse; November 2, 2020 Order Denying Debtor's Motion to Show Authority; November 4, 2020 Order Denying Debtor's Motion to Reconsider (Show Authority); December 9, 2020 Order Denying Debtor's Motion for Reconsideration (Recusal); and January 14, 2021 Order Granting Judgment on Partial Findings and Denying Motion for Contempt Sanctions.

On June 5, 2017, Debtor filed a Voluntary Petition in the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court")[1] related to her home. Debtor received a discharge in that case in September 2017. On July 29, 2020, Debtor moved to re-open the case, alleging that Nationstar Mortgage, LLC ("Nationstar"), acting as an agent of U.S. Bank National Association ("U.S. Bank"), had violated the 2017 discharge injunction by sending Debtor statements for payment between October 2017 and March 2020, and seeking relief for the violation. Debtor also sought to present evidence that U.S. Bank's debt was void due to fraud and

---

[1] The Honorable Brian F. Kenney presided.

1

forgery. The Bankruptcy Court granted judgment on partial findings for Nationstar Mortgage, LLC d/b/a Mr. Cooper as servicer for U.S. Bank National Association as Trustee for GSR Mortgage Loan Trust 2006-3F, Mortgage Pass-Through Certificates, Series 2006-3F ("Appellee"), holding that Debtor had failed to show that Appellee's actions constituted improper *in personam* demands for payment and evidence as to her damages. The Bankruptcy Court also held that Debtor's fraud and forgery claims were barred by the doctrine of *res judicata*, as the parties and claims were the same as in a previous case that had concluded with a final decision on the merits. The Bankruptcy Court also denied Debtor's request for contempt sanctions, and denied her various motions seeking to recuse Judge Kenney from her case and demanding that counsel for Appellee "show authority" as to their ability to represent Appellee.

Thus, the issues before this Court are: whether the Bankruptcy Court erred in (1) finding that Debtor failed to establish that Appellee violated the September 21, 2017 discharge injunction, (2) finding that Debtor's claims were barred, alternatively and independently, by *res judicata*, (3) finding that Debtor failed to show that she suffered any damages, (4) denying Debtor's Motion to Show Authority (and attendant Motion to Reconsider), and (5) denying Debtor's Motion to Recuse (and attendant Motion to Reconsider).

For the reasons that follow, the Court affirms the Bankruptcy Court.

## I. BACKGROUND

### A. Initial Proceedings in the Present Bankruptcy Case (Case No. 17-11921-BFK)

On June 5, 2017, Debtor filed a Voluntary Petition under Chapter 13 in the Bankruptcy Court. Dkt. 3-1 at 1; *see also In re Yates*, Case No. 17-11921-BFK (Bankr. E.D. Va. 2017). The case was converted from Chapter 13 to Chapter 7 in the following weeks ("Debtor's Chapter 7 Case"). *Id.* at 2. Appellee moved for relief from the automatic stay imposed under Title 11, United States Code ("U.S.C."), Section 362. *Id.* at 28–31. In its motion, Appellee asserted, in relevant

2

part: that, at the time of her Petition, Debtor owned a parcel of real estate located at 8236 Stoddard Drive, Manassas, Virginia, 20110 ("the subject property"); that the subject property was encumbered by a Deed of Trust ("DOT") securing a promissory note ("Note") (collectively, "loan documents") then-held by Appellee; that the total amount due under the DOT was approximately $665,329.25; that Debtor was in default under the DOT; and that Debtor was behind on her monthly mortgage payments. *Id.* The Bankruptcy Court granted Appellee's motion for relief from the stay,[2] noting that Appellee could "enforce the lien of its [DOT] as it pertain[ed] to" the subject property. Dkt. 3-1 at 85–86. On September 20, 2017, Debtor received a discharge. *Id.* at 91. On November 27, 2017, the case was closed. *Id.* at 8.

### B. Litigation in Federal District Court (Case No. CL17-8773; Case No. 1:17-cv-01376-AJT-JFA)

On November 7, 2017, Debtor and her husband filed a Complaint[3] in Prince William County Circuit Court ("Debtor's Civil Case") against Nationstar and U.S. Bank, among other defendants, alleging that the defendants had violated various state and federal laws, as well as the implied covenant of good faith and fair dealing, and had committed fraud, breach of contract, and defamation. Compl. ¶¶ 184–269. The Complaint alleged that, in October 2005, Debtor had signed a Note evidencing a mortgage loan and both Debtor and her husband had signed a DOT encumbering the subject property with a lien. *Id.* ¶¶ 16–24. The defendants removed the case to the United States District Court for the Eastern District of Virginia, and moved to dismiss the case.

---

[2] The Bankruptcy Court held a hearing on Appellee's motion for relief from the automatic stay on August 16, 2017. *See* Dkt. 4. At the hearing, Debtor argued that she opposed Appellee's motion because the documents that Appellee filed with the Court were "fraudulent" because Appellee had forged her signature on the Note and DOT, among other documents. *Id.* at 4. The Bankruptcy Court stated that it was "not going to make a ruling on any of those matters" because "those are all matters for the state courts to sort out." *Id.*

[3] The Complaint spans Dkts. 9-2 to 9-3. Citations to the Complaint hereinafter will refer to the numbered paragraphs within the Complaint.

3

On January 31, 2018, United States District Judge Anthony J. Trenga entered an order dismissing the case. Dkt. 9-5 at 11–12. Judge Trenga held that the plaintiffs' request for declaratory relief was precluded by Virginia's nonjudicial foreclosure rules. *Id.* at 5–6 (citing *Horvath v. Bank of New York, N.A.*, 641 F.3d 617, 623 n.3 (4th Cir. 2011). Judge Trenga held that the plaintiffs had failed to state a claim under the state and federal laws asserted in the Complaint, and had failed to allege facts sufficient for a plausible defamation claim. *Id.* at 6–9, 11. Judge Trenga also held that plaintiffs' "conclusory, unclear allegations" were insufficient to establish a breach of the loan documents, and that the Complaint had failed to plead with particularity facts showing that the defendants "made fraudulent statements or engaged in fraudulent conduct." *Id.* at 10–11. The Fourth Circuit affirmed Judge Trenga's order. *Id.* at 13–14.

### C. Debtor's Chapter 11 Bankruptcy Case (Case No. 19-13417-BFK)

On October 17, 2019, Debtor filed a Voluntary Petition under Chapter 11 in the Bankruptcy Court ("Debtor's Chapter 11 Case"). U.S. Bank filed a Proof of Claim secured by a DOT against the subject property. Dkt. 11-2 at 75–77. The U.S. Trustee filed a Motion to Convert Case to Chapter 7 or in the Alternative Dismiss the Case. *See* Dkt. 13 at 10–11.

The Bankruptcy Court granted the Motion to Dismiss on the basis that Debtor's fraud and forgery claims were barred by *res judicata*. Dkt. 11-3 at 110. In its order, the Bankruptcy Court noted that where there is a final judgment on the merits of an action *res judicata* precludes parties from relitigating issues that were or could have been raised in that action. *Id.* at 116 (quoting *Providence Hall Assocs. Ltd. P'ship v. Wells Fargo Bank, N.A.*, 816 F.3d 273, 276 (4th Cir. 2016). The Bankruptcy Court noted that the parties in the present case were the same as in Debtor's Civil Case and that both sets of claims arose out of the same transaction: alleged fraud concerning the loan documents. *Id.* at 117. The Bankruptcy Court further noted that Debtor had the opportunity

4

to discover the alleged fraud and forgery concerning the endorsement of the Note since the DOT was recorded in 2005 and that she should have presented evidence of fraud and forgery in 2017 in the Debtor's Civil Case. *Id.* The Bankruptcy Court noted that Debtor's "new" evidence may merit a Rule 60(b) motion in the district court, but that the Chapter 11 Case was an improper vehicle by which to introduce such evidence. *Id.* Thus, the Bankruptcy Court held that because Debtor could have raised her fraud claims in her Civil Case, they were barred by *res judicata*. *Id.*

D.     **Reopening of the Present Bankruptcy Case (Case No. 17-11921-BFK)**

On July 29, 2020, Debtor filed a Motion to Reopen in her Chapter 7 Case in the Bankruptcy Court. Dkt. 3-1 at 98–100. Debtor alleged that Appellee violated the 2017 discharge injunction entered in the case by sending her statements for payment between October 2017 and March 2020, and Debtor sought to reopen the case to pursue relief for the violation. *Id.* at 99. At a hearing on the Motion to Reopen, Debtor argued that she wished to reopen the case both (1) to pursue relief from U.S. Bank's alleged violations of the discharge injunction, and (2) to present new evidence that U.S. Bank's debt was void due to fraud and forgery. Dkt. 5 at 2. The Bankruptcy Court granted Debtor's Motion to Reopen Case, but directed Debtor to file separately her allegations as to the violation of the discharge injunction and as to Appellee's debt being void. *Id.* at 8, 11–12.

On September 1, 2020, Debtor filed a Motion for Contempt and Sanctions against U.S. Bank, among other respondents. Dkt. 3-2 at 9. At an evidentiary hearing on the Motion,[4] Debtor

---

[4] At the hearing, the Bankruptcy Court admitted several of the Debtor's exhibits, including: (1) a copy of Nationstar's Motion for Relief from the Automatic Stay (Pl. Ex. 28); (2) the Substitution of Trustees (Pl. Ex. 44); (3) a document that appeared to be a Wells Fargo "CTS Link" (Pl. Ex. 35); (4) U.S. S.E.C. Form 15 (Termination of Registration); (5) the Debtor's Discharge (Pl. Ex. 9); (6) the Proof of Claim filed by Nationstar (Claim No. 4-1) in the Debtor's Chapter 11 case (Pl. Ex. 63); (7) the Debtor's Objections to the Proof of Claim (Pl. Ex. 33); (8) the Debtor's Motion to Reopen (Pl. Ex. 11); (9) Debtor's Motion for Contempt Sanctions (Pl. Exs, 15, 16); (10) U.S. Bank's Response to the Contempt Motion (Pl. Ex. 17); (11) Rosenberg's Response to the Contempt Motion (Pl. Ex. 18); (12) Nationstar Payoff (Pl. Ex. 21); (13) Transcript of Relief from

argued that Appellee had "no standing as a secured creditor or party with pecuniary interest to pursue *in rem* rights" against her. Dkt. 8 at 3. She also argued that the loan documents were forged and fraudulent, and therefore, void. *Id.* Appellee moved for summary judgment on the grounds that Debtor had failed to show that it willfully violated the discharge injunction, and specifically, had failed to plead any damages. *Id.* at 51. The Bankruptcy Court gave Debtor the opportunity to testify as to her emotional distress and other damages. *Id.* at 52–61. The Bankruptcy Court then ruled that it was construing Appellee's motion for summary judgment as a Rule 52(c) motion for judgment on partial findings and granted the motion. *Id.* at 63–64.

On January 14, 2021, the Bankruptcy Court issued an Order Granting Judgment on Partial Findings and Denying Motion for Contempt Sanctions. Dkt. 3-7 at 55. In its Conclusions of Law, consistent with its oral ruling at the hearing, the Bankruptcy Court held that Debtor had failed to establish a violation of the discharge injunction and noted that Appellee's actions were consistent with its *in rem* rights against the subject property. *Id.* at 66. The Bankruptcy Court noted that the DOT was still of record in Prince William County and had not been avoided or released, and therefore, that Appellee had "more than fair ground to pursue its *in rem* remedies under the [DOT]." *Id.* at 67. "Alternatively, and independently," the Bankruptcy Court held that Debtor's claims alleging fraud and forgery as to the loan documents were barred by *res judicata* as the parties and claims were the same as in her Civil Case, which concluded with a final decision on the merits. *Id.* at 68 (citing *McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009); *Harris v. Wells Fargo Bank, N.A.*, 2017 WL 838687, at *2-4 (E.D. Va. 2017); *Nabaya v. Stark*, 2013 WL 2484661, at *3 (E.D. Va. June 10, 2013)). The Bankruptcy Court noted that it was "not free to

---

Stay Motion in the Debtor's Husband's case (Pl. Ex. 31); (14) Relief from Stay Order (Pl. Ex. 32); and (15) Interest Only Fixed-Rate Note (Pl. Ex. 40). *See* Dkt. 8 at 9–50.

6

disregard Judge Trenga's Order" dismissing the fraud claims in Debtor's Civil Case.[5] *Id.* at 69. The Bankruptcy Court lastly held that Debtor had failed to show evidence of damages, which is "an essential element of any contempt proceeding." *Id.* at 70 (citing *Richardson v. Priderock Capital Partners, LLC*, 2017 WL 11476091, at *2 (E.D. Va. 2017); *In re Tucker*, 526 B.R. 616, 622 (Bankr. W.D. Va. 2015); *In re Seaton*, 462 B.R. 582, 595 (Bankr. E.D. Va. 2011)).

On September 14, 2020, Debtor filed a Motion to Recuse Bankruptcy Judge Kenney, arguing that he was "biased and prejudiced" against Debtor and "unable to impartially perform his judicial duties." Dkt. 3-2 at 21, 23. Debtor alleged, in part, that Judge Kenney should be recused because he: previously worked at a law firm that currently represented Nationstar and U.S. Bank; had a financial interest in Wells Fargo Bank, the master servicer of the GSR MLT 2006-3F; had a personal bias against Debtor as a *pro se* debtor; and ruled against Debtor in this case and against debtors in other bankruptcy cases. *Id.* at 29–30. The Bankruptcy Court denied the Motion to Recuse. Dkt. 3-4 at 33. The Bankruptcy Court noted that Judge Kenney was not employed by a law firm when he took the bench in 2011 and had no continuing financial ties to any law firm, that his mortgage with Wells Fargo was a routine financial transaction that did not constitute a basis for recusal, and that Debtor was free to appeal the adverse rulings in her case. *Id.* at 40–43. Debtor filed a Motion to Reconsider, which the Bankruptcy Court denied. Dkt. 3-7 at 21, 33.

On September 24, 2020, Debtor filed a Motion to Show Authority, arguing counsel for Appellee should be made to show why they were authorized to represent Appellee in the present case. Dkt. 3-4 at 1. The Bankruptcy Court denied Debtor's Motion to Show Authority. *Id.* at 66. The Bankruptcy Court noted that it "routinely accepts that attorneys appearing before it have the

---

[5] In a footnote, the Bankruptcy Court noted that there were actually two levels of *res judicata*: the effect of Judge Trenga's order and the effect of the Bankruptcy Court's dismissal order in Debtor's Chapter 11 case. *Id.* at 69 n.8.

7

authority to represent their clients without requiring additional proof of such authority." *Id.* at 71. Further, the Bankruptcy Court noted its concern that Debtor's request ran a "serious risk of requiring the disclosure of attorney-client protected communications." *Id.* Debtor filed a Motion to Reconsider, which the Bankruptcy Court denied. Dkt. 3-5 at 1, 14.

On January 28, 2021, Debtor appealed the Bankruptcy Court's January 14, 2021 Order Granting Judgment on Partial Findings and Denying Motion for Contempt Sanctions.[6] Dkt. 1.

## II. **LEGAL STANDARD**

Federal district courts are empowered to hear appeals from final judgments, orders, and decrees" issued by the bankruptcy court. 28 U.S.C. § 158(a)(1). When considering an appeal from the bankruptcy court, the district court reviews the bankruptcy court's factual findings for clear error and its legal conclusions *de novo*. *Shin v. Lee*, 550 F. Supp. 3d 313, 318 (E.D. Va. 2021) (citing *In re Taneja*, 743 F.3d 423, 429 (4th Cir. 2014)). Mixed questions of law and fact are also reviewed *de novo*. *Id.* (citing *In re J.A. Jones, Inc.*, 492 F.3d 242, 249 (4th Cir. 2007)). According to the Supreme Court, "a finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (internal brackets and quotation marks omitted).

Recusal decisions are reviewed for abuse of discretion. *See United States v. Stone*, 866 F.3d 219, 229 (4th Cir. 2017) (citing *Kolon Indus. Inc. v. E.I. DuPont de Nemours & Co.*, 748 F.3d

---

[6] The Court later granted in part Debtor's Motion to Augment Record on Appeal (Dkt. 20) and permitted Debtor to augment the record with the Bankruptcy Court's October 20, 2020 Order Denying Debtor's Motion to Recuse; November 2, 2020 Order Denying Debtor's Motion to Show Authority; November 4, 2020 Order Denying Debtor's Motion to Reconsider (Show Authority); and December 9, 2020 Order Denying Debtor's Motion for Reconsideration (Recusal), which Debtor also appeals.

8

160, 167 (4th Cir. 2014). Denial of a motion to show authority is an exercise of the Bankruptcy Court's equitable authority under 11 U.S.C. § 105(a) and is reviewed for abuse of discretion. *See, e.g., In re Howes*, 563 B.R. 794, 804 (D. Md. 2016) (stating that "where a bankruptcy court uses its equitable authority," such as in issuing "any order, process, or judgment that is necessary or appropriate to carry out" the Bankruptcy Code pursuant to 11 U.S.C. § 105(a), "the district court reviews such decisions for abuse of discretion").

Denials of motions to reconsider are also reviewed for abuse of discretion, unless the underlying order to which the motion to reconsider applies is a ruling on a pure question of law, in which case, *de novo* review applies. *See Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989) (citing *Binkley Co. v. Eastern Tank, Inc.*, 831 F.2d 333, 337 (1st Cir. 1987)); *In re Mitrano*, 409 B.R. 812, 820 (E.D. Va. 2009); *David v. King*, 638 B.R. 561, 565 (E.D. Va. 2022). The Court, therefore, may only overturn the reconsideration decision "if the Court determines that the bankruptcy court erred twice: first, by entering the underlying order that the [Debtor] sought to have reconsidered; and, second, by entering the order that failed to correct the underlying order." *King*, 638 B.R. at 565 (citing *In re Yankah*, 514 B.R. 159, 165 (E.D. Va. 2014)).

### III. DISCUSSION

#### A. The Bankruptcy Court Had Personal and Subject Matter Jurisdiction In Debtor's Chapter 7 Case

Debtor first argues in her Opening Brief that the Bankruptcy Court's orders are void and must be set aside by this Court because the Bankruptcy Court lacked personal and subject matter jurisdiction in this matter. Dkt. 31 ("OB") at 10. Debtor argues not that the Bankruptcy Court lacked subject matter jurisdiction on a statutory basis, but rather, that the Bankruptcy Court lost subject matter jurisdiction because: the Bankruptcy Court relied on void judgments in rendering its judgment, Appellees committed fraud on the court, and the Bankruptcy Court did not disclose

9

a conflict of interest, which denied Debtor due process of law. OB at 23–24. Debtor's arguments as to subject matter jurisdiction flow from her allegations that the loan documents were forged and/or fraudulently obtained by Appellee and that Appellee committed fraud on the court by pursuing its *in rem* remedies under the DOT; thus, rendering the Bankruptcy Court's January 14, 2021 Order Granting Judgment on Partial Findings and Denying Motion for Contempt Sanctions void.

However, as stated later in this memorandum opinion, *see infra* subsection III.B, because Debtor's fraud and forgery arguments as to the loan documents are barred by *res judicata*, the Court finds no merit to Debtor's claim that such fraud and forgery existed as to cause the Bankruptcy Court to lose subject matter jurisdiction. Likewise, the Court finds no merit to Debtor's claims that Judge Kenney's declination to recuse himself caused the Bankruptcy Court to lose subject matter jurisdiction. *See infra* subsection III.C. As the Bankruptcy Court stated in its January 14, 2021 Order Granting Judgment on Partial Findings and Denying Motion for Contempt Sanctions, *see* Dkt. 3-7 at 64, the Bankruptcy Court had subject matter jurisdiction over Debtor's case pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference entered by the United States District Court for the Eastern District of Virginia on August 15, 1984, which together confers jurisdiction over bankruptcy cases and "core proceedings" on the bankruptcy judges in the Eastern District of Virginia. 28 U.S.C. § 157(b).

Debtor also alleges that the Bankruptcy Court lacked personal jurisdiction over Appellee and that Appellee lacked standing because U.S. Bank was "not the secured creditor, ha[d] no *in rem* rights over [the subject] property, [and] was not represented in the case on appeal." Dkt. 35 at 13. Debtor produces (and the Court can find) no evidence to support this claim. On July 5, 2017, Appellee filed a Motion for Relief from Automatic Stay in this case before the Bankruptcy

10

Court, in which Appellee asserted that it had possession of a Note securing a DOT on the property at the center of Debtor's Voluntary Petition and asked the Bankruptcy Court to permit Appellee to enforce its *in rem* rights as to property. *See* Dkt. 3-1 at 29. In doing so, Appellee both consented to personal jurisdiction in this matter and established that, as the Note holder, it had a sufficient stake in this case to participate in its litigation. *See, e.g., Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982) (noting that "an individual may submit to the jurisdiction of the court by appearance"); *Askri v. U.S. Bank, N.A.*, 612 B.R. 867, 871 (E.D. Va. 2020) (holding that U.S. Bank, as "holder of the subject loan, has standing to bring its motion for *in rem* relief from the automatic stay").

### B. Debtor's Fraud and Forgery Claims as to the Note and DOT Are Barred by *Res Judicata*

Debtor argues that *res judicata* does not bar her claims of forgery and fraud as to the loan documents because *res judicata* does not apply when there is extrinsic fraud or fraud on the court. OB at 26–27. Debtor alleges that there was extrinsic fraud in her Civil Case, *Yates v. Nationstar Mortgage, LLC* (Case No. 1:17-cv-1376), because Appellee relied on forged loan documents, concealed "material evidence of fraud," and furthered "deceptive" arguments, which caused Judge Trenga to wrongfully grant Appellee's Motion to Dismiss without a hearing. *Id.* at 28–29. Debtor contends that because Judge Trenga's order was obtained fraudulently, it "corrupted" and "rendered invalid" all subsequent cases relying on the order. *Id.* at 29. Debtor also argues that her claims should not be barred because Appellee's misconduct is "continuing," because she is raising new claims in the present case, and because she presents newly discovered evidence. *Id.* at 29–33.

"Under the doctrine of *res judicata*, or claim preclusion, '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have

11

been raised in that action.'" *Providence Hall*, 816 F.3d at 276 (quoting *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004)). The three elements of *res judicata* are: "(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." *Id.* (quoting *Pueschel*, 369 F.3d at 354–55). In addition to these three elements, the Court takes into account two "practical considerations": (1) whether the party (or its privy) knew or should have known of its claims at the time of the earlier suit; and (2) whether the court that adjudicated the earlier suit was an "effective forum" to litigate the relevant claims. *Grausz v. Englander*, 321 F.3d 467, 473–74 (4th Cir. 2003).

Debtor's fraud and forgery claims as to the loan documents are barred by *res judicata*. First, Judge Trenga's January 31, 2018 Order dismissing all of Debtor's claims in her Civil Case for failure to state a claim constitutes a final judgment on the merits. *See Nabaya v. Stark*, No. 3:13CV218-HEH, 2013 WL 2484661, at *3 (E.D. Va. June 10, 2013) ("A dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the merits' for the purposes of *res judicata*."); Dkt. 9-5 at 12 (stating that the order "is a final order for purposes of appeal").

Second, the parties in the present case are the same as those in Debtor's Civil Case. Debtor was a plaintiff in her Civil Case. Appellee in the present case is the same as the relevant named defendants—"Nationstar Mortgage LLC d/b/a Mr. Cooper" and "U.S. Bank National Association, as Trustee for GSR Mortgage Loan Trust 2006-3F, Mortgage-Backed Pass-Through Certificates, Series 2006-3F"—in Debtor's Civil Case.[7]

---

[7] Plaintiff named Nationstar Mortgage, LLC and U.S. Bank National Association as defendants in the Complaint. *See* Compl. ¶¶ 4–8. Nationstar and U.S. Bank brought a single Motion to Dismiss together as "Nationstar Mortgage LLC d/b/a Mr. Cooper" and "U.S. Bank National Association, as Trustee for GSR Mortgage Loan Trust 2006-3F, Mortgage-Backed Pass-Through Certificates,

12

Finally, the claims in the present case are the same as those in Debtor's Civil Case. The Fourth Circuit follows "the transactional approach," meaning that "res judicata will bar a newly articulated claim if it is based on the same underlying transaction involved in the first suit and could have been brought in the earlier action." *Providence Hall*, 816 F.3d at 282 (internal quotation marks and brackets omitted) (quoting *Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013)). Debtor is correct that her Civil Case claims sought to stop foreclosure of the subject property and her claims in the present case seek to challenge Appellee's attempts to pursue its *in rem* remedies under the DOT related to the subject property; however, both of Debtor's claims stem from the same underlying transaction: Appellee's alleged fraud and forgery concerning the loan documents. *See* OB at 16–22; Compl. ¶¶ 190, 212, 219, 222–23, 253–54, 256–58.

Turning to the practical considerations of *res judicata*: Debtor knew of and litigated her fraud and forgery claims in her Civil Case. Her arguments on appeal that she now has "newly discovered evidence" that she did not have at the time of her Civil Case are inapposite. OB at 31–33. Debtor attempts to present evidence including: a forensic handwriting report, sworn statements from signatories on the Note, and communication from various financial institutions. *Id.* However, even though this evidence may be newly in Debtor's possession, Debtor gives no explanation as to why she did not gather and submit this evidence in her Civil Case. Finally, the court that adjudicated the earlier suit—this Court, before Judge Trenga—was an effective forum to litigate Debtor's claims. As in the present case before the Bankruptcy Court, in her Civil Case, Debtor engaged in extensive motions practice before Judge Trenga rendered a judgment in favor

---

Series 2006-3F." *See* Defendants' Motion to Dismiss at 1, *Yates v. Nationstar Mortgage, LLC*, No. 1:17-cv-01376-AJT-JFA (E.D. Va. Dec. 22, 2017), Dkt. 14.

13

of the defendants.

Thus, the Bankruptcy Court did not err in its January 14, 2021 Order Granting Judgment on Partial Findings and Denying Motion for Contempt Sanctions in finding that Debtor's fraud and forgery claims were barred by *res judicata*.

### C. The Bankruptcy Court Did Not Err In Granting Judgment for Appellees, Denying Debtor's Motion to Recuse Judge Kenney, or Denying Debtor's Motion to Show Authority

All that remains for this Court to determine is whether the Bankruptcy Court erred in holding that Appellee did not violate the 2017 discharge injunction, and denying Debtor's various Motions to Recuse and Motions to Show Authority.[8] Whether a creditor has violated a discharge injunction is a mixed question of fact and law that the Court reviews *de novo*. *Shin*, 550 F. Supp. 3d at 318. Motions for recusal and other actions falling within the Bankruptcy Court's equitable authority, such as a motion to show authority, are reviewed for abuse of discretion. *Stone*, 866 F.3d at 229; *In re Howes*, 563 B.R. at 804.

#### 1. The Bankruptcy Court Did Not Err In Granting Judgment on Partial Findings for Appellee and Denying Contempt Sanctions

Nevertheless, this Court finds that the Bankruptcy Court did not err in holding that Appellee did not violate the discharge injunction. The Bankruptcy Court correctly found that a

---

[8] Appellee contends, without citing authority, that the Bankruptcy Court's October 20, 2020 Order Denying Debtor's Motion to Recuse; November 2, 2020 Order Denying Debtor's Motion to Show Authority; November 4, 2020 Order Denying Debtor's Motion to Reconsider (Show Authority); and December 9, 2020 Order Denying Debtor's Motion for Reconsideration (Recusal) were final orders that Debtor failed to timely appeal, and are now unappealable. Dkt. 34 at 9. Appellee is incorrect. "[O]rders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case." *In re Comput. Learning Ctrs., Inc.*, 407 F.3d 656, 660 (4th Cir. 2005) (internal quotation marks omitted). Denials of motions to recuse are interlocutory. *See Teffeau v. Comm'r of Internal Revenue*, 709 F. App'x 170, 172 (4th Cir. 2017). A denial of a motion to show authority, likewise, is interlocutory and not a final order because it is "provisional in nature and subject to revision." *See, e.g., Mort Ranta v. Gorman*, 721 F.3d 241, 246 (4th Cir. 2013).

Chapter 7 discharge "extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an action against the debtor *in rem*." *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991). So long as Appellee's actions were consistent with enforcing an *in rem* claim against Debtor, there is no violation of the discharge injunction here. The Bankruptcy Court found, based on Prince William County land records, that Appellee's DOT is still recorded and has not been avoided or released. Dkt. 3-7 at 67. The Bankruptcy Court found, based on the evidence submitted at the evidentiary hearing, that all of the statements and letters sent on Appellee's behalf stated clearly that such documents sought to exercise Appellee's rights against the subject property and did not constitute *in personam* demands for payment. *Id.* at 66–67. Thus, as Appellee's actions appeared to be a permissible exercise of its *in rem* rights flowing from a valid lien against the subject property, the Bankruptcy Court did not err in finding Appellee did not violate the discharge injunction.[9]

Because the Bankruptcy Court correctly ruled that there was no discharge injunction violation, Debtor's arguments about damages or emotional distress allegedly caused by the violation are of no consequence. Nevertheless, the Court finds that the Bankruptcy Court did not err in its findings on those issues. In particular, the Bankruptcy Court found that Debtor had failed to prove "any compensable damages" because she was not required to appear in court to defend her interests, or prove she had received a bankruptcy discharge; was not incarcerated; did not incur legal fees or lost time from work; and did not allege that her property was seized or that she was deprived of its use. *Id.* at 70–71. Although Debtor alleged in the evidentiary hearing that she spent

---

[9] Because the Bankruptcy Court did not err in granting judgment for Appellee, the Bankruptcy Court also did not err in denying contempt sanctions against Appellee and finding that Debtor had not shown there was "no fair ground of doubt as to whether the [discharge injunction] order barred [Appellee's] conduct." *Id.* at 65 (quoting *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1799 (2019)).

15

"at least 8,000 dollars," Dkt. 8 at 58–59, Debtor did not explain or submit evidence showing what the money, specifically, was spent on or how it was otherwise related to Appellee's alleged violation of the discharge injunction.

The Bankruptcy Court also found that, although Debtor testified as to her emotional stress because of the bankruptcy case, she did not present expert testimony or evidence that otherwise "clearly establish[ed]" that she suffered "significant harm" because of Appellee's conduct. Dkt. 3-7 at 71–72 (quoting *In re Seaton*, 462 B.R. at 603). To establish emotional damages, Debtor must have "(1) suffer[ed] significant harm, (2) clearly establish[ed] the significant harm, and (3) demonstrate[ed] a causal connection between that significant harm and the violation." *Erhart v. Fina*, No. 112CV660GBLTCB, 2012 WL 12870343, at *8 (E.D. Va. Nov. 14, 2012), *aff'd sub nom. In re Fina*, 550 F. App'x 150 (4th Cir. 2014). Alleged harm can be proven with corroborating medical evidence, non-expert testimony, or, if the harm is exceptionally egregious, the harm may be apparent without corroboration. *Id.* Debtor makes no argument or evidentiary showing beyond general allegations that this matter has caused her "emotional distress," "time away from [her] family," to lose sleep, weight, and consortium. Dkt. 8 at 52, 58. Thus, the Bankruptcy Court did not err in finding that Debtor failed to show sufficient evidence of actual or emotional damages.

Based on the evidence submitted by the parties and the Bankruptcy Court's Findings of Fact and Conclusions of Law in its January 14, 2021 Order Granting Judgment on Partial Findings and Denying Motion for Contempt Sanctions, the Court finds that the Bankruptcy Court did not err in granting judgment based on partial findings for Appellee.

### 2. The Bankruptcy Court Did Not Err In Denying Debtor's Motion to Recuse Judge Kenney

The Court also finds that the Bankruptcy Court did not abuse its discretion in denying Debtor's Motion to Recuse and attendant Motion to Reconsider. A judge must recuse himself "in

16

any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge must also recuse himself (1) "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;" and (2) "[w]here in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it[.]" 28 U.S.C. § 455(b). On appeal, Debtor argues that Judge Kenney should have recused himself because he: had an "aversion" to Debtor receiving a "lien-free home" as a *pro se* litigant; failed to disclose Judge Kenney's real estate "investment loan" with Wells Fargo Bank NA; and ignored a "pecuniary conflict of interest" between Judge Kenney and Debtor as they are both Virginia taxpayers, and therefore, investors in the GSR MLT 2006-3F. Dkt. 31 at 38–40.

As the Bankruptcy Court noted in its October 20, 2020 Order Denying Debtor's Motion to Recuse, the Bankruptcy Court's adverse rulings against Debtor in her bankruptcy cases, standing alone without any other evidence, do not constitute proof of any bias or prejudice against Debtor. Dkt 3-4 at 42. Similarly, Judge Kenney's mortgage with Wells Fargo, standing alone without any other evidence, does not constitute proof of any bias in favor of financial institutions or circumstances under which Judge Kenney's impartiality could reasonably be questioned. Finally, Judge Kenney's status as a Virginia taxpayer does not create a pecuniary conflict of interest between himself and Debtor. Thus, as the Court does not find any basis for recusal or that Judge Kenney's impartiality could reasonably be questioned in this proceeding, the Bankruptcy Court did not abuse its discretion in its October 20, 2020 Order Denying Debtor's Motion to Recuse or December 9, 2020 Order Denying Debtor's Motion for Reconsideration.

### 3. The Bankruptcy Court Did Not Err In Denying Debtor's Motion to Show Authority

Finally, the Court finds that the Bankruptcy Court did not abuse its discretion in denying Debtor's Motion to Show Authority and attendant Motion to Reconsider. In Debtor's Motion to Show Authority, she asked the Bankruptcy Court to "instruct" Appellee's counsel "to prove, pursuant to Rule 12 of the Virginia Rules of Civil Procedure, from whom, and how authority was derived to represent" Appellee. *Id.* at 1. Debtor's arguments rely primarily on her jurisdiction arguments. *See supra* subsection III.A. Debtor provides no clear authority showing that the Bankruptcy Court abused its authority by denying her Motion to Show Authority. In the Fourth Circuit, there is a presumption that when an attorney appears on behalf of a client, he has the authority to do so. *See, e.g.*, *Auvil v. Grafton Homes, Inc.*, 92 F.3d 226, 229–30 (4th Cir. 1996) ("It is generally accepted that when a client retains an attorney to represent him in litigation, absent an express agreement to the contrary, the attorney has *implied* authority to conduct the litigation and to negotiate its resolution."); *United States v. Ins. Co. of N. Am.*, 143 F.2d 53, 56 (4th Cir. 1944) ("As to the power of an attorney to represent a client, the presumption is that he has such unless something to the contrary is shown.").

The Bankruptcy Court's statement that it "routinely accepts that attorneys appearing before it have the authority to represent their clients without requiring additional proof of such authority" is consistent with this presumption. Dkt. 3-4 at 71. Thus, denial of Debtor's Motion to Show Authority was well within the Bankruptcy Court's discretionary authority under 11 U.S.C. § 105(a) to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. The Bankruptcy Court did not abuse its discretion in its November 2, 2020 Order Denying Debtor's Motion to Show Authority and its November 4, 2020 Order Denying Debtor's Motion to Reconsider.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Bankruptcy Court's October 20, 2020 Order Denying Debtor's Motion to Recuse; November 2, 2020 Order Denying Debtor's Motion to Show Authority; November 4, 2020 Order Denying Debtor's Motion to Reconsider (Show Authority); December 9, 2020 Order Denying Debtor's Motion for Reconsideration (Recusal); and January 14, 2021 Order Granting Judgment on Partial Findings and Denying Motion for Contempt Sanctions are

**AFFIRMED.**

It is **SO ORDERED.**

September 13th, 2022
Alexandria, Virginia

*Patricia Tolliver Giles*
Patricia Tolliver Giles
United States District Judge